Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br><br>LABORATORIO ACRÓPOLIS, INC. Y OTROS<br><br>*Peticionario* | TA2026CE00051 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Manatí<br><br><br>Caso Núm.: MT2025CV00578<br><br><br>Sobre: Cobro de Dinero-Ordinario |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

Examinado el recurso de *Certiorari*[1]*,* así como la *Moción en Auxilio de Jurisdicción*, presentados el 16 de enero de 2026 por el Laboratorio Acrópolis Inc. (Lab. Acrópolis o peticionario), este Tribunal dispone lo siguiente:

Se declara **No Ha Lugar** la solicitud en auxilio de jurisdicción.

En cuanto al recurso de *Certiorari*, la parte peticionaria requiere la revisión de una *Orden*[2] emitida y notificada el 11 de diciembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Manatí (TPI o foro recurrido). En la misma, el TPI declaró *No Ha Lugar* el *Relevo de Sentencia al Amparo de la Regla 49.2 de las de Procedimiento Civil de Puerto Rico*[3] presentada por el Lab. Acrópolis.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos

---

[1] Presentado el 12 de enero de 2026.
[2] Anejo 25 del recurso de *Certiorari*.
[3] Anejo 22 del recurso de *Certiorari*.

ulteriores, según lo permite la Regla (7)(B)(5) del Reglamento del Tribunal de Apelaciones[4].

Así pues, el caso de autos tuvo su génesis el 18 de julio de 2025, cuando el Banco Popular de Puerto Rico (BPPR o recurrido) instó una *Demanda*[5] de cobro de dinero contra el peticionario, María de los A. Cortés Rodríguez, Luis A. Martínez González y Rebeca Maldonado Bidot (en conjunto, codemandados). Según surge del expediente los codemandados fueron debidamente emplazados mediante edicto publicado el 22 de septiembre de 2025[6] y notificados por correo certificado con acuse de recibo el 23 de septiembre de 2025[7].

El 23 de octubre de 2025, el recurrido sometió una *Solicitud de Anotación de Rebeldía y Sentencia Sin Vista*[8], al no haber comparecido ni formulado alegación responsiva de forma oportuna ninguno de los codemandados. Evaluada tal solicitud, ese mismo día, el TPI emitió y notificó una *Sentencia en Rebeldía*[9] en la cual les anotó la rebeldía a los codemandados y declaró *Ha Lugar* la *Demanda* presentada por el BPPR. Asimismo, ordenó a los codemandados a pagar la suma de treinta y tres mil quinientos veintidós dólares con quince centavos ($33,522.15) por concepto de principal, más la cantidad de cincuenta y tres mil quinientos veintidós dólares con setenta y tres centavos ($53,522.73) por concepto de intereses vencidos al 25 de junio de 2025, los cuales siguen acumulándose diariamente, más la cantidad de cinco mil quinientos seis dólares ($5,506.00) por concepto de costas, gastos y honorarios de abogado estipulados, más los cargos, recargos y

---

[4] Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[5] Anejo 1 del recurso de *Certiorari.*
[6] Anejo 12 del recurso de *Certiorari,* Anejo 1.
[7] Anejo 12 del recurso de *Certiorari,* Anejo 2.
[8] Anejo 12 del recurso de *Certiorari.*
[9] Anejo 14 del recurso de *Certiorari.*

gastos que se acumulen hasta la fecha del completo y total pago de la *Sentencia en Rebeldía*[10].

Inconforme con el dictamen, el 4 de diciembre de 2025, los codemandados presentaron un *Relevo de Sentencia al Amparo de la Regla 49.2 de las de Procedimiento Civil de Puerto Rico*. Allí, adujo que la *Sentencia en Rebeldía* era nula, toda vez que el emplazamiento fue defectuoso, el pagaré se encontraba prescrito y se estaban reclamando intereses fuera del plazo establecido en nuestro ordenamiento. Por su lado, el 11 de diciembre de 2025, el TPI emitió y notificó una *Orden* en la cual declaró *No Ha Lugar* la solicitud.

Insatisfecho aun, el 12 de diciembre de 2025, el Lab. Acrópolis acudió a este foro intermedio y le imputó al foro recurrido los siguientes señalamientos de error:

> Primer error:
> Erró el Tribunal de Primera Instancia al no revocar una sentencia nula por insuficiencia de emplazamiento.
>
> Segundo error:
> Erró el Tribunal de Primera Instancia al validar una solicitud de Sentencia con intereses prescritos.
>
> Tercer error:
> Erró el Tribunal de Primera Instancia al dictar una Sentencia con intereses usureros.

Examinado detenidamente el expediente ante nuestra consideración, estamos convencidos de que no se configura ninguno de los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones[11], que justifique nuestra intervención en esta etapa. El peticionario no demostró que el foro *a quo* se excedió en el ejercicio de su discreción o se equivocó en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos, de manera que estemos

---

[10] *Íd.*

[11] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

llamados a ejercer nuestra función revisora. Asimismo, Lab. Acrópolis no cumplió con la Regla 34 (C)(1)(f)[12] de nuestro reglamento, pues se limitó a discutir los hechos del caso de autos sin hacer una aplicación con el derecho en cuestión.

De conformidad con lo anteriormente esbozado, **denegamos** el recurso de *certiorari* presentado y ordenamos la continuación de los procedimientos ante el Tribunal de Primera Instancia, Sala Superior de Manatí[13].

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[12] Regla 34 (C)(1)(f) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 55, 215 DPR __ (2025).

[13] A tenor con lo dispuesto en la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin necesidad de tener que esperar por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).